IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELLIS DOWNUM                                                                                          PLAINTIFF

v.                                              CIVIL NO. 24-5049

MARTIN J. O'MALLEY, Commissioner
Social Security Administration                                                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Ellis Downum, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current application for DIB on October 5, 2021, alleging an inability to work since March 12, 2021, due to a spinal fusion, cervical spine pain, left leg problems, depression, and anxiety. (Tr. 82, 194). An administrative telephonic hearing was held on March 14, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 37-61).

By written decision dated March 22, 2023, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 22). Specifically, the ALJ found Plaintiff had the following severe impairments: chronic low back pain

1

syndrome secondary to degenerative disc disease at L4-L5-S1 status post fusion, degenerative disc disease at C5-C6-C7-T1, anxiety and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can perform jobs with no detailed or complex instruction and requiring only incidental contact with the public; the claimant can only occasionally bend, stoop, and twist; and the claimant can only occasionally reach overhead.

(Tr. 24). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a bench assembler, an office cleaner, and a merchandise marker. (Tr. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on January 3, 2024. (Tr. 1-8). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.   Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support

2

it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is

reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id*.

### III. Discussion:

Although Plaintiff failed to raise this issue in his brief, the Court nevertheless finds this matter should be remanded to the ALJ because the Court believes there is an apparent conflict between the Dictionary of Occupational Titles (DOT) and the vocational expert testimony. In determining Plaintiff's RFC, the ALJ limited Plaintiff to occasional overhead reaching. (Tr. 24). With the help of a vocational expert, the ALJ then found Plaintiff could perform work as a bench assembler, an office cleaner, and a merchandise marker, of all which require frequent reaching. *See* DICOT §§ 706.684-022, 323.687-014, 209.587-034 *at* www.westlaw.com. Consequently, there is a conflict between the DOT and the vocational expert's testimony. *See Moore v. Colvin*, 769 F.3d 987, 989 (8th Cir. 2014) (stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the vocational expert identified jobs which the DOT said required frequent reaching).

When an apparent conflict between the DOT and vocational expert testimony exists, an ALJ has an affirmative responsibility to address the conflict. *Young v. Apfel*, 221 F.3d 1065, 1070 (8th Cir. 2000). If evidence from the vocational expert appears to conflict with the DOT, the ALJ must obtain "an explanation for any such conflict." *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007). An ALJ is not absolved of a duty to investigate any conflict simply because a vocational expert responded "yes" when asked if his testimony was consistent with the DOT. *Moore v Colvin*, 769 F.3d 987, 989-90 (8th Cir. 2014) (quoting SSR 00-4p, 2000 WL 1898704, at *2-4).

In this case, the ALJ states that the vocational expert testified that his testimony regarding overhead reaching was not based upon the DOT but instead based upon his observation and

4

professional knowledge. (Tr. 29). However, a review of the transcript of the administrative hearing held on March 14, 2023, revealed there was no discussion of the fact that the RFC limited Plaintiff to occasional overhead reaching, but the jobs listed by the vocational expert required frequent reaching. (Tr. 56-60). Due to the inconsistency between the vocational expert's testimony and the DOT, and the fact that this inconsistency was not addressed by the ALJ or the vocational expert, the Court does not find substantial evidence showing Plaintiff could perform work as a bench assembler, an office cleaner, and a merchandise marker. *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014) (remanding for further proceedings because "the record does not reflect whether the [vocational expert] or the ALJ even recognized the possible conflict between the hypothetical describing a claimant who could reach overhead only occasionally," and the job as described in the DOT); *Montgomery v. Chater,* 69 F.3d 273, 275–77 (8th Cir.1995) (none of three DOT job listings vocational expert identified were compatible with claimant's abilities as set forth in ALJ's hypothetical, and while vocational expert's task is to determine whether jobs exist for someone with claimant's precise disabilities, vocational expert did not testify that traits of identified jobs varied from way DOT described them). Based upon the foregoing, the Court concludes the ALJ did not resolve a conflict between the vocational expert's testimony and the DOT and therefore, the vocational expert's testimony did not constitute substantial evidence. On remand, the ALJ is instructed to identify and obtain a reasonable explanation for any conflict between the vocational expert's testimony and the DOT.

## IV.     Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

    DATED this 12th day of August 2024.

                          /s/ *Christy Comstock*
                          CHRISTY COMSTOCK
                          UNITED STATES MAGISTRATE JUDGE